[No. 10,681.—Department Two.]

## THE PEOPLE v. TAKLER DAILEY.

MURDER—DECLARATIONS OF DECEASED—HEARSAY.— The prosecution was allowed to prove, against the objections of the defendant, declarations made by the deceased six, eight, or ten months before his death, the defendant not being present and not hearing the same.

*Held:* This evidence was extremely prejudicial to defendant's case, and for its admission the judgment must be reversed.

APPEAL from a judgment of conviction and an order denying a new trial in the Superior Court of the County of Tulare. CROSS, J.

A petition for hearing in bank was filed in this case after judgment and denied.

*Brown & Daggett,* for Appellant.

*A. L. Hart,* Attorney General, and *E. G. Edwards,* District Attorney, for Respondent.

The COURT:

The defendant was charged with the crime of murder, and was found guilty of manslaughter. The evidence shows that the deceased died from the effects of poison; but whether the poison was self-administered, or administered by the defendant, does not positively appear from the evidence.

By Section 189 of the Penal Code it is declared that "all murder which is perpetrated by means of poison   *   *   * is murder of the first degree;" and how the jury could find the defendant guilty of *manslaughter* is utterly beyond our comprehension. It is not, however, on account of the strange and unjustifiable verdict, given in defiance of the law and the evidence, that we will reverse the judgment; but errors committed during the progress of the trial make it our duty to remand the case for another trial.

The prosecution was allowed to prove, against the objections of the defendant, declarations made by the deceased six, eight, or ten months before his death, the defendant not being present and not hearing the same. This evidence was extremely prejudicial to defendant's case, and for its admission the judgment must be reversed. (1 Greenl. Ev., §§ 156–162.)

Judgment and order reversed and cause remanded for a new trial.